UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SCOTT ALAN MIMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case Number: 2:19-cv-02116-JHE |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION**[1]

Plaintiff Scott Alan Mims ("Mims") seeks review, pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act, of a final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his application for a period of disability and disability insurance benefits ("DIB"). (Doc. 1). Mims timely pursued and exhausted his administrative remedies. This case is therefore ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3). The undersigned has carefully considered the record and, for the reasons stated below, the Commissioner's decision is **AFFIRMED**.

**I. Factual and Procedural History**

Mims filed his application for a period of disability and DIB on November 29, 2016, alleging he became unable to work beginning April 1, 2016. (Tr. 149-55). The Agency initially denied his claim on February 22, 2017. (Tr. 69-88). Thereafter, Mims filed a written request for a hearing (tr. 91-92), and on October 25, 2018, Mims appeared and testified (tr. 29-68). After the

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 7).

hearing, the Administrative Law Judge ("ALJ") denied Mims's claim on February 26, 2019. (Tr. 10-17). Mims sought review by the Appeals Council, but it declined his request for review on May 14, 2019. (Tr. 1-3). On that date, the ALJ's decision became the final decision of the Commissioner. On December 27, 2019, Mims initiated this action. (*See* doc. 1).

Mims was forty-nine-years-old on his alleged disability onset date and fifty-years-old when his insured status expired on June 30, 2016. (Tr. 15, 160). He has a high school education and no relevant past work experience. (Tr. 15, 168). Mims alleges he is unable to work due to cervical stenosis, degenerative disc disorder, and a pinched nerve. (Tr. 199).

## II. Standard of Review[2]

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this Court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This Court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

This Court must uphold factual findings supported by substantial evidence. "Substantial evidence may even exist contrary to the findings of the ALJ, and [the reviewing court] may have taken a different view of it as a factfinder. Yet, if there is substantially supportive evidence, the

---

[2]In general, the legal standards applied are the same whether a claimant seeks DIB or Supplemental Security Income ("SSI"). However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations for statutes or regulations found in quoted court decisions.

findings cannot be overturned." *Barron v. Sullivan*, 924 F.2d 227, 230 (11th Cir. 1991). However, the Court reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

### III. Statutory and Regulatory Framework

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[3] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;
(2) whether the claimant has a severe impairment;
(3) whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];
(4) whether the claimant can perform his or her past work; and

---

[3] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499.

      (5)      whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to the formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show such work exists in the national economy in significant numbers. *Id.*

### IV. Findings of the Administrative Law Judge

After consideration of the entire record and application of the sequential evaluation process, the ALJ made the following findings:

At Step One, the ALJ found Mims last met the insured status requirements of the Social Security Act on June 30, 2016, and that Mims had not engaged in substantial gainful activity from the alleged onset date of April 1, 2016 through his date of last insured, June 30, 2016. (Tr. 12). At Step Two, the ALJ found that, during the relevant period, Mims had the following severe impairment: cervical degenerative disc disease status post multiple surgical interventions, degenerative joint disease of the left, non-dominant shoulder, and obesity. (Tr. 13). At Step Three, the ALJ found Mims did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*).

Before proceeding to Step Four, the ALJ determined Mims's residual functioning capacity ("RFC"), which is the most a claimant can do despite his impairments. *See* 20 C.F.R. § 404.1545(a)(1). The ALJ determined that Mims had the RFC to perform a limited range of light

work as defined in 20 C.F.R. §§404.1567(b).  (Tr. 13-15).  The ALJ determined Mims could perform light work, except that he could frequently climb ramps and stairs, but never climb ladders, ropes, or scaffolds; could never balance; could frequently stoop, kneel, crouch, and crawl; could occasionally reach overhead with the left, non-dominant extremity; and could not tolerate exposure to hazards such as work at unprotected heights or around dangerous machinery.  (*Id.*).

At Step Four, the ALJ determined Mims had no past relevant work.  (Tr. 15).  At Step Five, the ALJ determined, based on Mims's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy Mims could perform. (Tr. 16-17).  Therefore, the ALJ determined Mims had not been under a disability and denied Mims's claim.  (Tr. 17).

## V. Analysis

Although the court may only reverse a finding of the Commissioner if it is not supported by substantial evidence or because improper legal standards were applied, "[t]his does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)). The court, however, "abstains from reweighing the evidence or substituting its own judgment for that of the [Commissioner]." *Id.* (citation omitted).

Mims contends the ALJ failed to consider the entire record when assessing the severity of his symptoms and that the ALJ's reasons for his conclusions are not supported by substantial evidence.  (Doc. 8 at 8).  Specifically, Mims asserts that, in discounting Mims's pain and limitations, the ALJ failed to identity inconsistencies, failed to explain his reasoning, and failed to evaluate the evidence.  (*Id.*).

5

### A.  Whether the ALJ Properly Discounted Mims's Subjective Testimony in Accordance with the Eleventh Circuit Pain Standard

Mims complains the ALJ improperly rejected his subjective testimony, failing to follow Social Security Ruling 16-3p and the Eleventh Circuit Pain Standard.  (Doc. 8 at 8-15, doc. 15). Specifically, Mims argues that in discounting his subjective complaints of pain, the ALJ failed to identify inconsistencies, failed to explain his reasoning, and failed to evaluate all of the evidence. (Doc. 8 at 5-12).  The government contends the ALJ properly considered Mims's subjective complaints when assessing his RFC.  (Doc. 12 at 6).

When a claimant attempts to prove disability based on his subjective complaints, he must provide evidence of an underlying medical condition and *either* (1) objective medical evidence confirming the severity of his alleged symptoms, *or* (2) evidence establishing that his medical condition could be reasonably expected to give rise to his alleged symptoms.  20 C.F.R. §§ 404.1529 (a)-(b), 416.929 (a)-(b); SSR 16-3p; *Wilson*, 284 F.3d at 1225-26.  If the objective medical evidence does not confirm the severity of the claimant's alleged symptoms but the claimant establishes that he has an impairment that could reasonably be expected to produce his alleged symptoms, the ALJ must evaluate the intensity and persistence of the claimant's alleged symptoms and their effect on this claimant's ability to work.  20 C.F.R. §§ 404.1529 (c)-(d), 416.929 (c)-(d).  If an ALJ rejects a claimant's allegations, "he must articulate explicit and adequate reasons for doing so." *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995).

The government asserts that substantial evidence supports the ALJ's determination that Mims's statements regarding the intensity, persistence, and functionally limiting effects of his alleged symptoms were not entirely consistent with the relevant medical evidence and other evidence.  (Doc. 12 at 7 (citing tr. 14)).  To be eligible for DIB, Mims must prove he became disabled prior to the expiration of his disability insured status.  *See* 42 U.S.C. §§ 416(i)(3), 423(a),

(c); 20 C.F.R. §§ 404.101, 404.131; *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). This means Mims has the burden to prove he became disabled on or before June 30, 2016. Additionally, a diagnosis or condition is relevant only to the extent it affects a claimant's ability to work. *See McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). And, simply because some evidence might support Mims's allegations does not alter the substantial evidence supporting the ALJ's determination. "Even if the evidence preponderates against the Commissioner's findings, the court must affirm if the decision reached is supported by substantial evidence." *Ellison*, 355 F.3d at 1275.

Substantial evidence supports the ALJ's determination that Mims's statements regarding the intensity, persistence, and functionally limiting effects of his alleged symptoms were not entirely consistent with the medical and other evidence during the relevant period – April 1, 2016 through June 30, 2016. The ALJ considered treatment records from Powell & Jones Orthopedic Center. (Tr. 14 (citing tr. 254-55)). As the ALJ laid out, after not having been seen for about three years, Mims presented on April 26, 2016, with complaints of left shoulder pain after using a weed eater about a month earlier. (*Id.*). The ALJ recognized that Dr. Thomas Powell noted impingement, but also noted a "near full range of motion" with no evidence of muscular atrophy. (*Id.*). Dr. Powell also recorded that Mims was in no apparent distress during the April 2016 examination. (Tr. 254).

The ALJ also noted that neurosurgeon Dr. Benjamin Fulmer's October 2016 examination revealed decreased sensation to light touch on the left in C8, but noted no other abnormalities. (Tr. 15 (citing 323)). The record shows no acute distress, normal posture and gait, and normal strength in upper and lower extremities. (Tr. 323). The ALJ considered a function report wherein Mims reported he was able to lift up to twenty pounds, walk for half a mile, prepare simple foods, and

engage in other activities, including mowing the lawn on a riding mower and taking his dog on a walk. (Tr. 13 (citing tr. 187-94)).

Mims specifically takes issue with the ALJ's conclusion that there was no "detrimental change from the prior MRI" for the higher cervical levels when discussing Mims's May 2016 MRI. (Doc. 15 at 3 (citing tr. 14-15)). However, the May 2016 MRI was compared to the previous MRI taken in 2014, and the May 2016 MRI report states "Similar findings seen on prior" for C3-4, "No detrimental change from prior exam is seen" on C4-5, "No detrimental change from prior exam appreciated" on C5-6, and only "Findings have mildly progressed from prior exam in this region" as to C7-T1. (Tr. 279). The ALJ's characterization is consistent with the record and supports the ALJ's conclusions.

Mims also argues it is not clear whether the ALJ recognized nonunion at C6-C7, pointing to an operative report from October 17, 2016 (tr. 326-27) and a CT from August 25, 2016 (tr. 281-82). (Doc. 8 at 13). However, both of these records are from after Mims' date of last insured and relate to a degenerative condition.

Substantial evidence supports the ALJ's determination that Mims's statements regarding the intensity, persistence, and functionally limiting effects of his alleged symptoms were not entirely consistent with the medical and other evidence during the relevant period. Mims has not pointed to medical or other evidence from the relevant time period (or from outside the relevant time period and shown how it bears on his condition during the relevant time period) to show otherwise.

## VI. Conclusion

Based on the foregoing, and upon careful consideration of the administrative record and memoranda of the parties, the decision of the Commissioner of Social Security denying Mims's

claim for a period of disability and disability insurance benefits is **AFFIRMED** and this action **DISMISSED**.  A separate order will be entered.

    DONE this 12th day of March, 2021.

                                                  **JOHN H. ENGLAND, III**
                                                  UNITED STATES MAGISTRATE JUDGE